FILED - GR
April 19, 2011 4:04 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY _mkc_/____   SCANNED BY _e_,_4-29-11_

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

1:11-cv-400
Robert J. Jonker
U.S. District Judge

CORINA SAVAGE,

        Plaintiff,

v.

DELMARVA CAPITAL SERVICES,
LLC, and DELMARVA CAPITAL
GROUP, LLC,

        Defendants.
_____/

## Complaint

### I.    Introduction

1.    This is an action for damages, brought by a consumer against debt collectors for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq.,* and Michigan Occupational Code ("MOC"), M.C.L § 339.901 *et seq.*

### II.    Jurisdiction

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367.  Venue in this judicial district is proper because the pertinent events took place here.

### III.    Parties

3.    Plaintiff Corina Savage is an adult, natural person residing in Cass County,

Michigan. Ms. Savage is a "consumer" and "person" as the terms are defined and used in the FDCPA. Ms. Savage is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA and MOC.

4.     Defendant Delmarva Capital Services, LLC ("Delmarva") is a Maryland limited liability company. Delmarva was formerly known as K.B. Merrill Associates, L.L.C. The registered agent for Delmarva is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. According to its website (www.delmarvacapital.com) "Delmarva Capital Services is an industry leader in purchasing, managing and servicing distressed consumer receivables." Delmarva uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Delmarva regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Delmarva is a "debt collector" as the term is defined and used in the FDCPA. Delmarva is qualified to transact business in Michigan for the expressly stated purpose of "Debt Collection." Delmarva is a "regulated person" as the term is defined and used in the MCPA. Delmarva is a "collection agency" and "licensee" as the terms are defined and used in the MOC.

5.     Defendant Delmarva Capital Group, LLC ("DCG") is a Maryland limited liability company. The registered agent for DCG is R. Alan Butler, 7301 Parkway Drive, Hanover, Maryland 21076. DCG uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. DCG regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. DCG is a "debt collector" as the term is defined and used in the FDCPA. DCS is a "regulated person" as the term is defined and used in the MCPA. DCG is a "collection agency" and "licensee" as the

2

terms are defined and used in the MOC.

## IV.    Facts

6.      Ms. Savage had a credit account (No. 4185 8629 4650 0776) (sometimes referred to herein as "Account 0776") with Washington Mutual ("WaMu"). Ms. Savage used the account to purchase goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA, MCPA and MOC.

7.      Ms. Savage had a credit account (No. 4185 8137 9678 8896) (sometimes referred to herein as "Account 8896") with WaMu. Ms. Savage used the account to purchase goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA, MCPA and MOC.

8.      Ms. Savage became unable to pay the accounts and the accounts went into default.

9.      Ms. Savage later became able to pay the accounts, but had a dispute with WaMu regarding the two accounts and the amounts allegedly owed.

10.     WaMu or its successor in interest, Chase Bank USA, N.A. ("Chase"), charged off the two accounts and related, alleged debts.

11.     By Bill of Sale dated January 27, 2009, WaMu's successor in interest, Chase, sold the two accounts to Riverwalk Holdings, Ltd. A copy of the document is attached hereto as Exhibit A.

12.     By Bill of Sale and Assignment dated February 25, 2009, Riverwalk Holdings, Ltd. sold the two accounts to defendant Delmarva Capital Group, LLC ("DCG"). A copy of the document is attached hereto as Exhibit B.

3

13.     In February 2009, defendant Delmarva Capital Services, LLC ("Delmarva") on behalf of defendant Delmarva Capital Group, LLC ("DCG") communicated with Ms. Savage in connection with efforts to collect Account 0776.

14.     On February 19, 2009, Ms. Savage filed a lawsuit against K.B. Merrill Associates, L.L.C. in the United States District Court for the Western District of Michigan, Case No. 1:09-cv-150, alleging that K.B. Merrill Associates, L.L.C. had violated the FDCPA and Michigan law in its efforts to collect Account 0776 from Ms. Savage.  The complaint expressly stated at Paragraph 7: "Ms. Savage disputes the debt.  Ms. Savage refuses to pay the debt."

15.     On March 9, 2009, Ms. Savage filed an amended complaint in Case No. 1:09-cv-150, naming Delmarva Capital Services, LLC as an additional defendant.  The amended complaint expressly stated at Paragraph 9: "Ms. Savage disputes the debt.  Ms. Savage refuses to pay the debt."

16.     Delmarva Capital Services, LLC was served with the complaint and amended complaint in Case No. 1:09-cv-150.

17.     Ms. Savage and Delmarva Capital Services, LLC agreed to settle Case No. 1:09-cv-150.  On May 11, 2009, Ms. Savage and Delmarva Capital Services, LLC filed a stipulation to dismiss Case No. 1:09-cv-150.

18.     In February 2009, defendant Delmarva Capital Services, LLC ("Delmarva") on behalf of defendant Delmarva Capital Group, LLC ("DCG") communicated with Ms. Savage in connection with efforts to collect Account 8896.

19.     On March 10, 2009, Ms. Savage filed a lawsuit against Delmarva Capital Services, LLC in the United States District Court for the Western District of Michigan, Case No.

4

1:09-cv-211, alleging that Delmarva had violated the FDCPA and Michigan law in its efforts to collect Account 8896 from Ms. Savage. The complaint expressly stated at Paragraph 7: "Ms. Savage disputes the debt. Ms. Savage refuses to pay the debt."

20. Delmarva Capital Services, LLC was served with the complaint in Case No. 1:09-cv-211.

21. Ms. Savage and Delmarva Capital Services, LLC agreed to settle Case No. 1:09-cv-211. On September 10, 2009, Ms. Savage and Delmarva Capital Services, LLC filed a stipulation to dismiss Case No. 1:09-cv-211.

22. By Bill of Sale and Assignment dated August 20, 2010, defendant Delmarva Capital Group, LLC, by Delmarva Capital Services, LLC, its manager, sold the two accounts to Jackson Capital, Inc. A copy of the document is attached hereto as Exhibit C.

23. In connection with the sale of the two accounts to Jackson Capital, Inc., Delmarva Capital Group, LLC communicated credit information to Jackson Capital, Inc. regarding Ms. Savage and the two accounts.

24. In connection with the sale of the two accounts to Jackson Capital, Inc., Delmarva Capital Services, LLC communicated credit information to Jackson Capital, Inc. regarding Ms. Savage and the two accounts..

25. Delmarva Capital Group, LLC sold the two accounts to Jackson Capital, Inc. without communicating to Jackson Capital, Inc. that the two accounts and related debts were disputed by Ms. Savage.

26. Delmarva Capital Services, LLC sold the two accounts to Jackson Capital, Inc. without communicating to Jackson Capital, Inc. that the two accounts and related debts were

5

disputed by Ms. Savage.

27.    Delmarva Capital Group, LLC sold the two accounts to Jackson Capital, Inc., with knowledge that the purchasers, transferees or assignees of the accounts intended to initiate or continue attempts to collect the related, alleged debts.

28.    Prior to the filing of this complaint, Delmarva Capital Group, LLC did not communicate to Jackson Capital, Inc. that Ms. Savage disputed the debt associated with Account 0776.

29.    Prior to the filing of this complaint, Delmarva Capital Services, LLC did not communicate to Jackson Capital, Inc. that Ms. Savage disputed the debt associated with Account 0776.

30.    Prior to the filing of this complaint, Delmarva Capital Group, LLC did not communicate to Jackson Capital, Inc. that Ms. Savage disputed the debt associated with Account 8896.

31.    Prior to the filing of this complaint, Delmarva Capital Services, LLC did not communicate to Jackson Capital, Inc. that Ms. Savage disputed the debt associated with Account 8896.

32.    The FDCPA states that the following conduct by a debt collector is unlawful: "The false representation of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

33.    The FDCPA states that the following conduct by a debt collector is unlawful: "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a

6

disputed debt is disputed." 15 U.S.C. § 1692e(8).

34.     Delmarva Capital Group, LLC sold the two accounts to Jackson Capital, Inc. without communicating to Jackson Capital, Inc. that Ms. Savage disputed the debts associated with Account 0776 and Account 8896, violating the FDCPA.

35.     Delmarva Capital Services, LLC sold the two accounts to Jackson Capital, Inc. without communicating to Jackson Capital, Inc. that Ms. Savage disputed the debts associated with Account 0776 and Account 8896, violating the FDCPA. *Magrin v. Unifund CCR Partners, Inc.,* 52 Fed.Appx. 938, 2002 WL 31804268 (C.A.9 (Nev.)); *Burdick v. Palisades Collection, LLC,* 2008 WL 80943 (C.D.Cal.); *Stiff v. Wilshire Credit Corporation,* 2006 WL 141610 (D.Ariz.).

36.     By Bill of Sale and Assignment dated August 23, 2010, Jackson Capital, Inc. sold the two accounts to Lincoln Financial Recovery Group, LLC ("Lincoln").  A copy of the document is attached hereto as Exhibit D.

37.     Jackson Capital, Inc. sold the two accounts to Lincoln without communicating to Lincoln that Ms. Savage disputed the debts associated with Account 0776 and Account 8896.

39.     Prior to the filing of this complaint, Delmarva Capital Group, LLC did not communicate to Lincoln that Ms. Savage disputed the debts associated with Account 0776 and Account 8896.

40.     Prior to the filing of this complaint, Delmarva Capital Services, LLC did not communicate to Lincoln that Ms. Savage disputed the debts associated with Account 0776 and Account 8896.

41.     On November 22, 2010, Lincoln filed a debt collection lawsuit against Ms.

7

Savage in the 4th District Court for the State of Michigan, Case No. 2010-2054-GC, in efforts to collect the disputed debts associated with Account 0776 and Account 8896.

42.     Ms. Savage was required to defend the debt collection lawsuit, causing her damage, including financial loss. After considerable discovery and motion practice, Lincoln was unable to produce any admissible evidence to prove the amount of the alleged debts or that Lincoln was the owner of the alleged debts.

43.     On April 16, 2011 (and only two days before trial) Lincoln's attorney contacted Ms. Savage's attorney and offered to stipulate to dismiss Case No. 2010-2054-GC, with prejudice, and without any award of costs, rather than go to trial on the disputed debts. Ms. Savage accepted Lincoln's offer.

44.     The acts and omissions of Delmarva Capital Group, LLC and its employees done in connection with efforts to collect alleged debts from Ms. Savage were done intentionally and wilfully.

45.     The acts and omissions of Delmarva Capital Services, LLC and its employees done in connection with efforts to collect alleged debts from Ms. Savage were done intentionally and wilfully.

46.     Delmarva Capital Group, LLC and its employees intentionally and wilfully violated the FDCPA, MCPA and MOC.

47.     Delmarva Capital Services, LLC and its employees intentionally and wilfully violated the FDCPA, MCPA and MOC.

48.     As an actual and proximate result of the acts and omissions of defendants and their employees, plaintiff has suffered actual damages and injury, including but not limited to,

8

pecuniary loss, fear, stress, mental anguish, emotional stress, acute embarrassment and suffering

for which she should be compensated in an amount to be established by jury and at trial.

## V.    Claims for Relief

### Count 1– Fair Debt Collection Practices Act

49.    Plaintiff incorporates the foregoing paragraphs by reference.

50.    Defendants have violated the FDCPA. Defendants' violations of the FDCPA

include, but are not necessarily limited to, the following:

a)    Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading

      representations and means in connection with the collection or attempted

      collection of a debt.

**Wherefore,** plaintiff seeks judgment against defendants for:

a)    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)    Such further relief as the court deems just and proper.

### Count 2– Michigan Collection Practices Act

51.    Plaintiff incorporates the foregoing paragraphs by reference.

52.    Defendants have violated the MCPA. Defendants' violations of the MCPA

include, but are not necessarily limited to, the following:

a)    Defendants violated M.C.L. § 445.252(e) by making an inaccurate, misleading,

      untrue, or deceptive statement or claim in a communication to collect a debt; and

b)    Defendants violated M.C.L. § 445.252(q) by failing to implement a procedure

designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendants for:

a)      Actual damages pursuant to M.C.L. § 445.257(2);

b)      Treble the actual damages pursuant to M.C.L. § 445.257(2);

c)      Statutory damages pursuant to M.C.L. § 445.257(2); and

d)      Reasonable attorney's fees and court costs pursuant to M.C.L. § 445.257(2).

### Count 3 – Michigan Occupational Code

53.      Plaintiff incorporates the foregoing paragraphs by reference.

54.      Defendants have violated the MOC.  Defendants' violations of the MOC include, but are not necessarily limited to, the following:

a)      Defendants violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt; and

b)      Defendants violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendants for:

a)      Actual damages pursuant to M.C.L. § 339.916(2);

b)      Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)      Statutory damages pursuant to M.C.L. § 339.916(2); and

d)      Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

**Demand for Trial by Jury**

Plaintiff demands trial by jury.

Dated: April 19, 2011

Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

11